■ EUGENE DI LORENZO, Respondent, v. CIMMARON RANCH, INC., Appellant.— Judgment in favor of plaintiff upon a verdict of a jury, unanimously reversed, on the law and the facts, the verdict vacated, and the complaint dismissed, on the law, with costs to appellant. On August 8, 1954, plaintiff was injured when he was thrown to the ground by a steer he was riding in a rodeo show produced by defendant at a dude ranch in Putnam Valley, New York. While on the ground, it is claimed that the steer hooked plaintiff in his right side with his horns. Plaintiff had engaged in rodeo contests for about five years before 1954; and in July of 1954 — one month before the contest in which plaintiff was injured — he had been in a contest at defendant's dude ranch. In our opinion, plaintiff failed to show by any competent evidence that defendant had failed to exercise that standard of care which it owed to plaintiff as a professional rodeo rider competing for prize money. Plaintiff attempted to show negligence in that the horns of the steer had not been altered, shortened or tipped and by the absence of "clowns" in the arena to divert or distract the steer after a rider had been thrown. The evidence as to custom and usage to establish the standard of care to be observed by defendant was inadequate, as a matter of law, to prove negligence. Moreover, under the facts of this case,

we conclude that, as a matter of law, plaintiff, as a professional rodeo contestant, assumed the risks of the sport and was guilty of contributory negligence. But even were we not to dismiss the complaint, we would nevertheless reverse the judgment and grant a new trial because the verdict on the question of negligence and assumption of risk is against the weight of the credible evidence. Moreover, we hold it was error to admit into evidence the Rules of the Rodeo Cowboys' Association since there was no evidence that defendant or any of its employees belonged to the association or that the rules generally governed the production or operation of rodeos such as were conducted by defendant at its dude ranch. Settle order on notice. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.